PROB 12B
(7/93)

Report Date: December 14, 2007

# United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 14 2007

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Teresa Ann Cope                    Case Number: 2:04CR02140-001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen

Date of Original Sentence: 07/27/2005                Type of Supervision: Supervised Release

Original Offense: Bank Fraud and Aiding and          Date Supervision Commenced: 03/02/2007
Abetting, 18 U.S.C. §§ 1344 & 2

Original Sentence: Prison - 46 months;               Date Supervision Expires: 03/01/2012
TSR - 60 months

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

23   You shall reside in a residential reentry center for a period of up to 45 days. You shall not be entitled to the benefits of the prerelease component. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

24   You shall not enter into or remain in any establishment where alcohol is the primary item of sale.

### CAUSE

Teresa Cope violated the conditions of her supervised release by ingesting cocaine and alcohol on or about October 30, 2007, and December 4, 2007, contrary to condition No. 7 and Special Condition 20 of her conditions of supervised release. Ms. Cope also failed to maintain stable employment since approximately November 3, 2007.

On December 5, 2007, Teresa Cope was summoned to the New Horizon facility for urine testing. The specimen was tested on site and returned a presumptive positive reading for cocaine. Subsequently, the sample was forwarded to the laboratory for further analysis. On December 11, 2007, U.S. Probation received a confirmation report showing the specimen submitted on December 5, contained cocaine metabolites. On October 31, 2007, the offender submitted a urine specimen that showed a presumptive positive for cocaine. This sample was forwarded for further analysis which showed negative for cocaine. In that instance, Ms. Cope denied knowingly consuming cocaine. Specifically, she told the undersigned that while waiting for a bus, she accepted a cigarette from an unknown individual that likely contained cocaine. The reason she felt the cigarette contained cocaine was because her mouth became numb immediately after smoking the cigarette.

On November 7, 2007, the undersigned reluctantly decided against seeking action against the offender due to the negative urinalysis test. She was verbally reprimanded and warned against consuming any illicit drugs and/or alcohol.

On December 12, 2007, the offender was summoned to the U.S. Probation Officer to discuss the above-mentioned presumptive positive urinalysis for cocaine on December 5, 2007. Teresa Cope admitted she consumed cocaine on or about December 4, 2007, while partying with friends at a local bar. She went on to admit that she consumed alcohol on October 30, 2007, and December 4, 2007. The offender signed an Admission of Drug and Alcohol Use acknowledging she consumed cocaine and alcohol on the above-mentioned dates.

Ms. Cope has experienced some significant problems adjusting with supervision of late. She reports being depressed and upset with her estranged husband who lives in New York City. She has been unemployed for approximately 1 month and has shown presumptive positives for cocaine twice. In addition, she has consumed alcohol on two occasions known to the undersigned officer. Her activities while in the community have long since been under scrutiny by the undersigned.

As an intermediate sanction, Ms. Cope is expected to participate in mental health and substance abuse treatment. Additionally, the frequency of urinalysis testing has been increased to monitor future compliance. Ms. Cope was asked whether she would waive her rights to a hearing and agree to the modifications as outlined. As indicated by the enclosed Waiver of Hearing to Modify Conditions of Supervised Release form, Ms. Cope has agreed to the proposed modifications. It is respectfully recommended that the Court adopt the attached waiver of hearing to modify conditions of supervised release as listed above. It is hoped the intermediate sanction imposed meets with the expectations of the Court. Please advise this officer should Your Honor require a different course of action or a court appearance by the offender.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12-14-07

Tommy Rosser
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

Dec 14 2007

Date